Dear Mr. Adams:
You have requested the opinion of this office as to whether federal Department of Housing and Urban Development (HUD) regulation or Louisiana statutory provisions govern the procedure for disposition of immovable property belonging to a public housing authority.
In order to obtain the HUD perspective on this issue we contacted Florence Quail, chief counsel with the HUD Public Housing Division in New Orleans. She advises that HUD regulations will apply to disposition of property which is subject to an Annual Contribution Contract, but that HUD regulations are otherwise inapplicable to disposal of surplus public housing properties. An Annual Contribution Contract is between HUD and the authority whereby HUD agrees to provide financial assistance and the authority agrees to comply with HUD requirements for development and operation of a public housing project.
In order to ascertain what state statutes, if any, would be applicable to such sales, it is first necessary to determine what type of entity a public housing authority is. Louisiana statutes dealing with the creation of public housing authorities, LSA-R.S. 40:381-40:507 do not indicate the legal status of these bodies once created and there appear to be no Louisiana cases which directly address this issue.
In State v. Housing Authority of New Orleans, 182 So. 725; 190 La. 710
(1938), the New Orleans Housing Authority is referred to as "a public agency created by the state." The court held the authority was not a municipal corporation. In Attorney General Opinion 1944-46, p. 32 this office opined that authorities were not subdivisions of the state. Although sanction for their creation Hudson Potts Bernstein comes from the legislature, a municipality must actually bring the authority into being.
We conclude that housing authorities are agencies of municipal government in the sense that it serves a municipal purpose and are responsive to municipal policy. As an agency of the municipality, the housing authority is a separate body as opposed to being an agent, which would be viewed as the alter ego of the municipal government which created it.
Under state law the authority has power to expropriate immovable property, hold and own such property in its own name, contract with the federal government, and issue bonds for which the authority is exclusively liable. As such, it is a public corporation operating independent of the state and municipality and may choose in what manner it disposes of surplus immovable property without the constraints of the state laws applicable to such transactions. However, as indicated above, the authority may be contractually committed to certain procedures with regard to those properties subject to HUD Annual Contribution Contracts.
I trust that this answers your inquiry. Please advise if we can be of any further assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD/0984v